UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 14-CR-0043-CVE |
| | ) |
| CARL DON FLOYD, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is the Government's Unopposed Motion for Continuance of Jury Trial (Dkt. # 16).  Defendant is charged with aiming a laser pointer at an aircraft in violation of 18 U.S.C. § 39A, and defendant has advised counsel for the government that he intends to exercise his right to a jury trial.  The government states that it intends to use an expert witness to examine the laser pointer but, to avoid unnecessary expense, it refrained from obtaining an expert because it believed that there was a likelihood that defendant would enter a guilty plea before trial.  The government requests a 30 day continuance to allow it sufficient time to locate an expert and obtain an expert report following examination of the laser pointer.  Counsel for defendant does not oppose the government's motion, and defendant has executed a speedy trial waiver (Dkt. # 17)

The government's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act.  This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest

of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed the government's motion and finds that it should be granted. The government had discussed the possibility of a plea with defense counsel and it believed that there was a likelihood that the case would be resolved before trial. The government's decision to refrain from obtaining an expert until it was clear that defendant would exercise his right to a trial was reasonable under the circumstances, and defendant does not object to a continuance. Defendant has also executed a waiver of his right to a speedy trial (Dkt. # 17). In addition to the interests of the parties, the Court has considered the public's interest in the speedy resolution of criminal cases and

finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that the Government's Unopposed Motion for Continuance of Jury Trial (Dkt. # 16) is **granted**. The jury trial set for April 21, 2014 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| **PT/CP/Motions Hearing:** | May 5, 2014 at 10:00 a.m. |
| Voir dire, jury instructions, and trial briefs due: | May 6, 2014 |
| **Jury Trial:** | **May 12, 2014 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between April 21, 2014 and May 12, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 10th day of April, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE