UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CR-0043-CVE |
| ) | |
| CARL DON FLOYD, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court are Defendant's Motion in Limine (Dkt. # 14), Defendant's Motion in Limine Excluding Prior Convictions for Impeachment Purposes (Dkt. # 15), and defendant's Motion to Dismiss Indictment and Brief in Support (Dkt. # 22). Defendant argues that the indictment (Dkt. # 10) fails to allege an essential element of the offense of aiming a laser pointer at an aircraft, and he asks the Court to dismiss the indictment for failure to state an offense. Dkt. # 22. He also asks the Court to exclude certain evidence at trial. Dkt. ## 14, 15.

**I.**

On March 5, 2014, a grand jury returned an indictment charging defendant with aiming a laser pointer at an aircraft in violation of 18 U.S.C. § 39A. The indictment states that:

> On or about February 15, 2014, in the Northern District of Oklahoma, the defendant, **CARL DON FLOYD**, did knowingly aim the beam of a laser pointer at an aircraft in the special jurisdiction of the United States, to wit: **CARL DON FLOYD** pointed a green laser at Tulsa Police Department helicopter, tail number N202TP.
>
> All in violation of Title 18, United States Code, Section 39A.

Dkt. # 10. Defendant appeared at a pretrial conference and stated that he intends to proceed to trial, and the government requested a continuance in order to retain an expert witness. Dkt. ## 16, 18.

Defendant did not oppose the government's request and the pretrial conference was continued to May 5, 2015. Dkt. # 19. The jury trial is now set for May 12, 2014. Defendant has filed a motion to dismiss the indictment on the ground that it fails to state an offense. He has also filed two motions in limine to exclude evidence at trial (Dkt. ## 14, 15).

## II.

Defendant argues that the indictment fails to state an offense against him, because the jurisdictional element of the offense is not adequately alleged in the indictment. Dkt. # 22. The government has not responded to defendant's motion, but the Court has reviewed the motion and finds that a response is unnecessary.

Under Fed. R. Crim. P. 12(b)(3), a defendant may file a motion "alleging a defect in the indictment" at any time while the case is still pending. When ruling on a motion to dismiss for failure to state an offense, the Court must consider only if the allegations of the indictment, if accepted as true, state an offense against the defendant. United States v. Todd, 446 F.3d 1062, 1068 (10th Cir. 2006). "[A]n indictment is considered sufficient 'if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy challenge." United States v. Barrett, 496 F.3d 1079, 1092 (10th Cir. 2007). "It is generally sufficient that an indictment set forth an offense in the words of the statute itself, as long as those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." United States v. Doe, 572 F.3d 1162 (10th Cir. 2009) (quoting United States v. Redcorn, 528 F.3d. 727, 733 (10th Cir. 2008)). "The test of the validity of the indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it

2

conforms to the minimal constitutional standards." United States v. Gama-Bastidas, 222 F.3d 779, 785 (10th Cir. 2000) (quoting United States v. Fitzgerald, 89 F.3d 218, 222 (5th Cir. 1996)).

Defendant argues that the indictment fails to specifically allege that the helicopter was "in flight" and the jurisdictional element of the offense was not sufficiently alleged in the indictment.[1] Dkt. # 22, at 3. Under § 39A, pointing a laser pointer at an aircraft is a federal offense only if the aircraft is in the "special aircraft jurisdiction" of the United States. 18 U.S.C. § 39A. The term "special aircraft jurisdiction" includes any of the following types of aircraft in flight:

    (A) a civil aircraft of the United States.

    (B) an aircraft of the armed forces of the United States.

    (C) another aircraft in the United States. . . .

49 U.S.C. § 46501(2). Defendant claims that the indictment fails to specifically state that the police helicopter was in flight at the time of the offense or that the aircraft was in the "special aircraft jurisdiction" of the United States. Dkt. # 22, at 3. The indictment states that defendant "did knowingly aim the beam of a laser pointer at an aircraft in the special jurisdiction of the United States." Dkt. # 10. Defendant appears to be arguing that the government's use of the term "special jurisdiction," as opposed to "special aircraft jurisdiction," is insufficient to allege the jurisdictional element of an offense under § 39A. Id. at 3.

The Court finds that the indictment adequately alleges that the offense occurred within the special aircraft jurisdiction of the United States and defendant has sufficient notice of the charge

---

[1] Defendant frames his arguments as alleged violations of his Fifth Amendment right to a grand jury, because defendant contends that it is unclear if the grand jury considered evidence as to each element of the charged offense. However, the substance of his argument and the cases he cites go to the issue of whether the indictment actually states an offense, and these types of motions are appropriately analyzed under Rule 12.

against him. Defendant is correct that the indictment states that the offense occurred in the "special jurisdiction" of the United States, and he suggests that a criminal defendant could be confused as to the nature of the "special jurisdiction." For example, he claims that "special jurisdiction" could refer to "special maritime and territorial jurisdiction." Id.  However, the indictment in this case contains sufficient information that makes it clear that the alleged offense falls under the "special aircraft jurisdiction" of the United States. The indictment plainly refers to an "aircraft in the special jurisdiction of the United States" and the indictment cites 18 U.S.C. § 39A. Section 39A clearly references "special aircraft jurisdiction" as the jurisdictional basis for the offense, and the Court can consider the statutory citation as part of the notice given to defendant. United States v. Washington, 653 F.3d 1251, 1261 (10th Cir. 2011). In light of the statutory citation, no reasonable person could be confused as to the jurisdictional basis for the offense alleged in the indictment. United States v. Bullock, 914 F.2d 1413, 1414 (10th Cir. 1990) (failure to quote the precise statutory language does not render an indictment deficient if the indictment otherwise gives a defendant sufficient notice of the criminal charge). Defendant argues that the indictment also failed to allege the "in flight" aspect of special aircraft jurisdiction and the indictment fails to set forth the offense in the words of the statute. However, § 46501 states that "'special aircraft jurisdiction of the United States' includes any of the following aircraft in flight," and the term "special aircraft jurisdiction" necessarily means that the aircraft involved was in flight. Section 39A incorporates the statutory definition of "special aircraft jurisdiction" and the indictment plainly alleges that defendant is charged with a violation of § 39A. This provides sufficient notice to defendant that the aircraft mentioned in the indictment was "in flight" at the time of the offense. At trial, defendant may contest whether the government

has actually proved the jurisdictional element of the offense, but the indictment provides sufficient notice of the charge against defendant and defendant's motion to dismiss (Dkt. # 22) is denied..

### III.

Defendant has filed two motions in limine, and the government has filed responses in opposition to both motions. Defendant asks the Court to exclude evidence concerning:

> (1) the presence of any firearm being located in, or removed from defendant's home; (2) any statement concerning the Defendant's use of prescribed opiates or medications that were mentioned in the "jail calls;" any evidence relating to pipes, smoking devices, residue, or marijuana or any illegal substances that may have been found in the Defendant's home or mentioned in any "jail calls;" [and] (4) any audio portions of video footage recorded from the helicopter that was involved in this matter . . . .

Dkt. # 14, at 2. He also asks the Court to prevent the government from impeaching him with evidence of any his prior convictions if he should choose to testify at trial. Dkt. # 15.

Defendant states that he made four calls from jail following his arrest on February 15, 2014, and he been provided copies of these recorded calls as part of the discovery materials. Dkt. # 14, at 2. He claims that he makes reference in the calls to a firearm, opiates, and marijuana. Id. The government states that any mention of the firearm, opiates, and marijuana in jail calls are simply passing references, but defendant also discusses in the jail calls the alleged offense and it intends to offer the calls into evidence at trial. Dkt. # 20, at 2. If possible, the government should redact the jail calls to remove any reference to the firearm, opiates, or marijuana, because these facts are irrelevant to the criminal charge against defendant and defendant could be prejudiced by admission of this evidence. However, the Court has not heard the jail calls and will not preliminarily exclude potentially relevant evidence based only on the parties' conflicting arguments about the substance of the jail calls. If the jail calls cannot be redacted, the parties should advise the Court on the

morning of the first day of trial, and the Court will consider the admissibility of the jail calls and whether a limiting instruction would be appropriate. Defendant's request to exclude statements made in the jail calls is preliminarily denied, but he may raise the issue at trial if the parties cannot resolve this issue before trial.

Defendant asks the Court to exclude the audio portion of video footage of the incident giving rise to the offense, because the recording contains hearsay statements and the statements "place[] an undue emphasis on the event itself, the actions and statements of the occupants of the helicopter . . . ." Dkt. # 14, at 3. The government responds that the helicopter pilot and co-pilot made statements after observing defendant point a laser at the helicopter, and the pilot and co-pilot will be called to testify at trial. The government states that the video footage will not make sense to the jury without playing the audiorecording and the statements of the pilot and co-pilot "will assist the jury in understanding how law enforcement officers identified Floyd and swiftly made contact with him" after the incident. Dkt. # 20, at 3. Just as with the jail calls, the Court has not seen or heard the video footage of the incident and the Court will not preliminarily exclude potentially relevant evidence based only on defendant's assertion that certain statements may be inadmissible hearsay. The statements on the videorecording may be admissible under an exception to the hearsay rules, and the pilot's and co-pilot's statements during the incident would likely not be unfairly prejudicial to defendant if the statements were made contemporaneously with the incident and describe the event or their state of mind. Defendant's motion in limine (Dkt. # 14) is denied without prejudice to his renewal of the same arguments at trial.

Defendant seeks to prevent the government from impeaching him with his prior convictions if he should choose to testify at trial. Dkt. # 15. Under Fed. R. Evid. 609, evidence of a witness'

prior felony convictions "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant . . . ." Fed. R. Evid. 609(a)(1)(B).  As to a misdemeanor conviction, the evidence of a conviction "must be admitted if the court can readily determine that the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement. Fed. R. Evid. 609(a)(2). The Tenth Circuit permits "the government to impeach the testimony of a criminal defendant who takes the witness stand in the same manner as any other witness, including reference to prior convictions." United States v. Haslip, 160 F.3d 649, 654 (10th Cir. 1998).

It does not appear that the government will attempt to impeach defendant with convictions older than 10 years since the date of defendant's release, and the Court will focus on two prior convictions identified by defendant: (1) misdemeanor conviction for petit larceny; and (2) felony conviction for attempting to obtain controlled drug by fraud.[2]  Dkt. # 15, at 2.  As to the misdemeanor conviction, the Tenth Circuit has held that shoplifting is not "automatically" a crime involving dishonesty or false statement within the meaning of Rule 609(a)(2).  United States v. Dunson, 142 F.3d 1213, 1215 (10th Cir. 1998).  A court must consider whether the shoplifting or theft offense involved "fraudulent or deceitful conduct" which might bring the offense within the scope of Rule 609(a)(2).  Id.  The parties have not offered any evidence concerning the facts giving rise to the misdemeanor conviction and the Court does not have a sufficient record to determine if

---

[2]   For the purpose of this Opinion and Order, the Court is relying on defendant's description of his criminal history.  Defendant states that he has two convictions older than 10 years and the government's response does not suggest that it will attempt to impeach defendant with those convictions.  Dkt. # 21, at 2.  Should defendant have other convictions that were not disclosed to the Court, the Court will consider at trial whether he may be impeached with any such convictions.

the petit larceny conviction will be admissible for impeachment purposes. If the government intends to impeach defendant with evidence of the misdemeanor conviction, it will be required to offer evidence of the circumstances of the offense and it must show that the offense involved some "fraudulent or deceitful conduct." As to the felony conviction, it appears that defendant can be impeached with evidence that he was convicted of attempting to obtain a controlled drug by fraud. The conviction is less than 10 years old and the probative value outweighs the prejudicial effect of admitting the conviction. In particular, the conviction involved an element of fraud and defendant argues this his credibility "will be central to the issue at trial." Dkt. # 15, at 5. The jury should be permitted to hear relevant facts detracting from his credibility and defendant's motion to exclude evidence of his prior convictions is granted in part and denied in part.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss Indictment and Brief in Support (Dkt. # 22) is **denied**. Defendant's Motion in Limine (Dkt. # 14) is **denied** except as to the proposed redaction. Defendant's Motion in Limine Excluding Prior Convictions for Impeachment Purposes (Dkt. # 15) is **granted in part** and **denied in part** as stated above.

**DATED** this 2nd day of May, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE