## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 14-CR-0043-CVE |
| | ) | |
| CARL DON FLOYD, | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is the Government's Second Unopposed Motion for Continuance of Jury Trial (Dkt. # 25). Defendant is charged with aiming a laser pointer at an aircraft in violation of 18 U.S.C. § 39A, and defendant has advised the Court that he intends to exercise his right to a jury trial. The government refrained from obtaining an expert to examine the laser pointer allegedly used to commit the offense until defendant clearly stated that he intended to go to trial, because the government believed that there was a likelihood that defendant would change his plea before trial and it wished to avoid incurring unnecessary expense. The government requested a continuance of the jury trial because it needed time to retain an expert to examine the laser pointer used during commission of the alleged offense. Dkt. # 16. The Court granted the government's request for a continuance to allow it additional time to locate an expert witness. Dkt. # 19. The government experienced delays in reaching an agreement with the expert and it requests a second continuance to allow the expert sufficient time to examine the laser pointer. Dkt. # 25. Defendant does not oppose the government's second motion for a continuance and he executed a speedy trial waiver in open court (Dkt. # 29).

The government's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed the government's second motion for a continuance and finds that it should be granted. The attorney for the government acted diligently to obtain an expert after the trial was initially continued, and the process of obtaining the expert took more time than expected due to negotiations between the Department of Justice and the Department of Commerce. Dkt. # 25, at 2. The expert has signed an agreement and the laser pointer has been shipped to him, but the expert requires additional time to examine the laser pointer. Id. at 3. Defendant does not object to the government's second motion for a continuance and he has executed a speedy trial waiver. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that the Government's Second Unopposed Motion for Continuance of Jury Trial (Dkt. # 25) is **granted**, and the jury trial set for May 12, 2014 is **stricken**. The following amended scheduling order is hereby entered:

Voir dire, jury instructions, and trial briefs due:     June 23, 2014

Jury Trial:                                             **June 30, 2014 at 9:15 a.m.**

**IT IS FURTHER ORDERED** that the time between May 12, 2014 and June 30, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 5th day of May, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE