# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CR-0043-CVE |
| | ) |
| CARL DON FLOYD, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Defendant's Motion in Limine Excluding Potential Harm (Dkt. # 37). Defendant is charged with aiming a laser pointer at an aircraft in violation of 18 U.S.C. § 39A, and the case is set for trial on June 30, 2014. Defendant asks the Court to exclude "testimony or argument concerning the potential harmful . . . effects of pointing a laser at an aircraft," because this type of testimony or argument would be irrelevant and unfairly prejudicial to defendant. Dkt. # 37, at 1-2. The Court has reviewed defendant's motion and finds that it is unnecessary for the government to respond.

Under Fed. R. Evid. 401, relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, relevant evidence can be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." Fed. R. Evid. 403. When considering a Rule 403 challenge, the court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." Mendelsohn v. Sprint/United Management Co., 466 F.3d 1223, 1231 (10th Cir. 2006) (quoting Deters v. Equifax Credit Info. Servs., Inc., 202 F.3d 1262, 1274 (10th Cir.

2000)). Exclusion of evidence under Rule 403 is an extraordinary remedy that should be used sparingly. World Wide Ass'n of Specialty Programs v. Pure, Inc., 450 F.3d 1132, 1139 (10th Cir. 2006); Cadena v. Pacesetter Corp., 224 F.3d 1203, 1214 (10th Cir. 2000); Joseph v. Terminex Int'l Co., 17 F.3d 1282, 1284 (10th Cir. 1994).

The Court has reviewed defendant's motion and finds that it should be denied. Unlike many types of criminal charges, the harm caused by aiming a laser pointer at an aircraft in flight may not known to the general public, and members of the jury may not even understand why it is a crime. Although defendant argues that evidence of the potential harm is irrelevant, the government will need to provide some background information to the jury about the potential harm that could be caused by defendant's alleged conduct, and the government will be permitted to put on evidence of the potential harm. This evidence will likely help the jury understand the facts of the case and the nature of the criminal charges against defendant, and the evidence is relevant under Rule 401. Defendant's argument actually goes to his concern that he will be unfairly prejudiced by admission of this evidence, and his argument is more properly considered as a request to exclude evidence under Rule 403. Defendant argues that the government may offer "alarmist argument and testimony" and that the government will "capitaliz[e] on the fear of the public of harm to themselves when flying . . . ." Dkt. # 37, at 1. There is no reason to believe that counsel for the government will make alarmist arguments that cause members of the jury to fear for their own safety. The government will be permitted to make argument and elicit testimony about the potential harm caused by aiming a laser pointer at an aircraft. Of course, defendant may object to arguments or testimony that could be characterized as "alarmist," but background information about the potential harm from the conduct alleged in the indictment is not unfairly prejudicial to defendant.

**IT IS THEREFORE ORDERED** that Defendant's Motion in Limine Excluding Potential Harm (Dkt. # 37) is **denied**.

**DATED** this 9th day of June, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE