UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CR-0043-CVE |
| | ) | |
| CARL DON FLOYD, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes on for consideration of the Government's Unopposed Motion for Continuance of Jury Trial (Dkt. # 53). This case was originally tried to a jury on July 1 and 2, 2014. The jury was unable to reach a verdict, and the government advised the Court that it intended to retry the case. Dkt. # 52. The Court conferred with counsel for both parties and set the re-trial for August 18, 2014. The government states that three of its witnesses will not be available to testify during the week beginning on August 18, 2014, and it requests a 60 day continuance of the re-trial set for August 18, 2014. Defense counsel has no objection to the government's motion for a continuance.

Under 18 U.S.C. § 3161(e), "[i]f the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final." When calculating the seventy day period, "the periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section." The Court declared a mistrial on July 2, 2014 and, assuming no other excludable time under the Speedy Trial Act, defendant's re-

trial must begin no later than September 10, 2014. The government's requested continuance would require the re-trial be reset for a date later than September 10, 2014.

The government's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight

2

to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed the government's motion and finds that the motion should be granted in part. The government states that three of its witness will not be available for trial on August 18, 2014, and it would not be reasonable to require the government to try the case without these witnesses. However, the government has not shown that a 60 day continuance of the jury trial is warranted. Counsel for the government states that she is required to appear for oral arguments before the Tenth Circuit Court of Appeals on September 30, 2014, and she asks that the re-trial be set for a date after the oral arguments are concluded. This does not justify additional delay of the re-trial, especially since the last trial was completed in two days. The Court will specially set the re-trial for September 15, 2014. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that the Government's Unopposed Motion for Continuance of Jury Trial (Dkt. # 53) is **granted in part** and **denied in part:** the government's request for a continuance of the re-trial is granted, but the government's request for a 60 day continuance of the re-trial is denied.

**IT IS FURTHER ORDERED** that the re-trial set for August 18, 2014 is **stricken**, and the re-trial is **reset** for **September 15, 2014**.

**IT IS FURTHER ORDERED** that the time between August 18, 2014 and September 15, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 31st day of July, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE