# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 14-CR-0043-CVE |
| CARL DON FLOYD, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes on for consideration of defendant's Unopposed Motion to Continue Jury Trial (Dkt. # 55). This case was originally tried to a jury on July 1 and 2, 2014. The jury was unable to reach a verdict, the Court declared a mistrial, and the government advised the Court that it intended to retry the case. Dkt. # 52. The Court conferred with counsel for both parties and set the re-trial for August 18, 2014. The government later learned that three of its witnesses would not be available to testify during the week beginning on August 18, 2014, and the Court reset the trial for September 15, 2014. Dkt. ## 53, 54. Defense counsel now asks the Court to continue the trial because defendant was involved in a motorcycle accident on July 21, 2014. Defendant is taking prescription medication that causes him to be "easily and extremely tired," and this affects his ability to understand and communicate. Dkt. # 55. Defense counsel states that defendant intends to testify at the re-trial and that his testimony is essential to his defense. Defendant has filed a speedy trial waiver (Dkt. # 56), and the government does not oppose defendant's request for a continuance.

Defendant requests an ends of justice continuance under 18 U.S.C. § 3161(h)(7). This type of continuance is granted under circumstances when it would be unreasonable to expect the parties to prepare for trial within the Speedy Trial Act's 70 day deadline and the need for the continuance outweighs the public's interest in a speedy trial. United States v. Clark, 717 F.3d 790, 822 (10th Cir. 2013). In this case, the parties do not need additional time to prepare for trial and it would not be proper to grant an ends of justice continuance. Instead, defendant is actually seeking a continuance under § 3161(h)(4), which provides that "[a]ny period of delay resulting from the fact that the defendant is . . . physically unable to stand trial" is excludable from the 70 day period.

The Court has reviewed defendant's motion and finds that the motion should be granted. Defendant states that he was in a motorcycle accident on July 21, 2014 and that he spent three days in the intensive care unit following the accident. Dkt. # 55, at 1-2. The accident has caused certain long-term injuries that require treatment at this time, and defendant is taking prescription medication that cause him to become extremely tired. Id. at 2. Defense counsel states that his investigator met with defendant and defendant represented that he was not physically able to stand trial. Id. The investigator told defense counsel that defendant did not appear to be physically ready to appear at trial and assist in his own defense. Id. Defense counsel states that defendant's testimony is a critical part of the defense. The Court recalls the first trial of this matter, and defendant's testimony and his credibility was a substantial issue that the jury was required to consider. The Court will continue the re-trial to the October 2014 trailing jury trial docket to allow defendant sufficient time to physically recover from his motorcycle accident and participate in the re-trial.

**IT IS THEREFORE ORDERED** that defendant's Unopposed Motion to Continue Jury Trial (Dkt. # 55) is **granted**.

**IT IS FURTHER ORDERED** that the re-trial set for September 15, 2014 is **stricken**, and the re-trial is **reset** for **October 14, 2014**.

**IT IS FURTHER ORDERED** that the time between September 15, 2014 and October 14, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 4th day of September, 2014.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE